### PEOPLE ex rel. COHEN v. MARTIN et al.

(Supreme Court, Appellate Division, First Department. August 4, 1897.)

POLICE—DISMISSAL—VALIDITY OF PROCEEDINGS.

> One who procures his appointment to the police force by fraudulent violation of the civil service rules may be dismissed without the presentation of written charges, which is only required in the case of one lawfully appointed.

Certiorari by Solomon Cohen to review the decision of James J. Martin and others, police commissioners of the city of New York, in dismissing relator from the police force. Writ quashed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and PARKER, JJ.

A. Levy, for relator.
T. Farley, for respondents.

PATTERSON, J. The relator, claiming to be a member of the police force of the city of New York, and that he had been unlawfully stricken from the roll of the police department by the respondents, procured a writ of certiorari to review their action. They have made return of their proceedings, and of the record of an investigation made

by them, upon the disclosures contained in which they passed the resolution dropping the relator from the roll of membership of the police force. The relator was accused of securing his place on the force by a gross fraud and a violation of the civil service rules. It was shown that he had passed a sufficient examination as to mental qualifications to serve as a policeman; but it was required as a condition precedent to his lawful appointment that, as an applicant passing the civil service examination, he should subscribe the surgeon's certificate of his eligibility. The charge made against the relator, in substance, was that he did not personally sign his name to the surgeon's certificate required by the civil service board. The principal objection taken to the action of the respondents is that the proceeding was not conducted in a lawful and proper manner; that no written charges or specifications were served upon the relator; and that he did not have such a hearing as he was entitled to as a member of the police force. But the charge against him did not relate to any offense committed by him as a member of the force. The proceeding was merely an investigation into matters preceding his appointment, and related to the subject of his ever having been lawfully employed upon the force. What was said by the general term of the supreme court in the case of Krushinsky v. Martin, 91 Hun, 425, 36 N. Y. Supp. 851, directly applies to this case. Under the authority of the decision in that case, the proceedings had by the police commissioners were regular and proper, and there is no force in the objection that he did not have a proper hearing so far as the form and methods of procedure are concerned.

The evidence before the commissioners was sufficient to authorize the action they took. There was proof upon which they were entitled to act, namely, a comparison of handwriting and the testimony of an expert. The signature of the relator to his examination as to mental qualifications was genuine, and it differed most widely from the signature affixed to the surgeon's certificate of physical qualification. The differences were not those incidental and ordinary variances that are to be observed in different genuine signatures of the same person, but they were so radical in their character as to indicate that they were not made by the same person. The expert witness gave his reasons, and pointed out the inherent characteristic variations tending to show that the signatures were made by different persons; and the inspection of the writing made by the police commissioners was sufficient to satisfy them of the fraud that had been perpetrated in the procurement of the appointment. No explanation was made or attempted to be made on behalf of the relator, although all the facts were within his personal knowledge.

The writ of certiorari must be quashed, and the proceedings dismissed, with costs. All concur.