(43 App. Div. 138.)

PEOPLE ex rel. COHEN v. YORK et al.

(Supreme Court, Appellate Division, First Department. July 18, 1899.)

1. COURTS—MUNICIPAL COURTS—POWER OF POLICE COMMISSIONERS.

     The police commissioners of the city of New York have no power to grant a policeman a rehearing nearly four years after he was convicted of a charge and dismissed from the force, and the dismissal was affirmed on appeal.

2. SAME—POLICE COMMISSIONERS—NEW TRIAL.

     Const. art. 1, § 6, securing certain rights to a party to appear and defend in any trial in any court, does not require that the practice and procedure in actions in the civil courts respecting new trials should apply to or control in a police investigation, where an ex-policeman, nearly four years after his dismissal from the force, makes application to the commissioners for a new trial.

3. APPEAL—REVIEW—ACTION OF POLICE COMMISSIONERS.

     The action of the police commissioners of New York in denying an application for a new trial made by an ex-policeman nearly four years after his dismissal from the force is not a subject of review on certiorari, as there was no legal right of the relator to a retrial after he had ceased to be a member of the force.

Certiorari by the people, on the relation of Solomon Cohen, against Bernard J. York and others, constituting the board of police commissioners of the city of New York, to review their determination in refusing to grant the relator a rehearing. Writ dismissed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGH-
LIN, PATTERSON, and INGRAHAM, JJ.

MacGrane Coxe, for relator.

Terence Farley, for respondents.

PATTERSON, J. The relator ceased to be a member of the po-
lice force in February, 1895; he having then been dismissed from
it upon a charge which had been preferred against him, and upon
which he was tried. On the trial he was represented by counsel, his
defense was put in, and he was duly found guilty. The proceed-
ings upon that trial were reviewed by certiorari in this court, and
the action of the commissioners was affirmed in June, 1897. People
v. Martin, 20 App. Div. 380, 46 N. Y. Supp. 723. On the 21st of
September, 1898, the relator presented a petition to the police board
of the city of New York, asking to have the investigation which
resulted in his dismissal reopened, and that he be granted a new
trial, and that he be restored to the rights belonging to him prior
to his dismissal. The ostensible ground upon which he sought a
retrial or reinvestigation was that of newly-discovered evidence not
available to him on his trial in 1895, but he also seeks to review
certain rulings made or had during his trial. His petition to re-
open his case was supported by affidavits which certainly tend to
show that the application was not without merit, and that upon
a rehearing facts might be made to appear that would exonerate
him from the charge upon which he was convicted and dismissed.
But we fail to find anything in the powers conferred by law upon
police commissioners, or anything in their rules or regulations, which
would authorize them to grant an application such as this, made
nearly four years after the relator's dismissal. The power of the
commissioners respecting the dismissal and reinstatement of police
officers is one conferred by law. Trials are regulated by law and
the rules of the department. It is true that the provision of sec-
tion 6 of article 1 of the constitution, securing certain rights to a
party to appear and defend in any trial in any court, has been held
to apply to trials before police commissioners. People v. Hannan,
56 Hun, 471, 10 N. Y. Supp. 71. But it would be straining the con-
struction of that provision of the constitution entirely too far, to
say that practice and procedure in actions in the civil courts of the
state respecting new trials are to apply to or control in police in-
vestigations such as that into the conduct of this relator. There
was no duty or obligation upon the police board to open the rela-
tor's case and grant him a rehearing. No right to such a rehear-
ing was given him by law. When the commissioners refused to en-
tertain that application, or when they denied it, as by their return
they seem to have done in this case, their action did not become
the subject of review in this court. Nothing to the contrary was
decided in Goodwin's Case, 82 Hun, 1, 30 N. Y. Supp. 1107. That
was a proceeding to review by certiorari the refusal of the com-
missioners to give the relator a trial, he claiming a right to be re-
stored to the force because a resignation was extorted from him by
duress and fraud. While the power of this court extends to the

consideration of such matters as may be brought up by a common-law writ of certiorari, and broad as the power of review on such a writ is, it does not extend to cases in which no legal right of a relator is involved, and there was no legal right of this relator to a rehearing or a retrial after he had ceased to be a member of the force.

The writ must be dismissed, with costs. All concur.