WILLIAM JAY SCHIEFFELIN, Appellant, v. JOHN A. DOLAN and
Others, Respondents.

First Department, February 9, 1923.

**Municipal corporations — taxpayer's action under Civil Service Law, § 28,
to restrain recognition of member of police force as such — jurisdiction
under Greater New York Charter, § 1543a, to grant rehearing of charges
against member of police force is exhausted on first rehearing — rein-
statement on second rehearing was illegal — any authority conferred
on mayor by Code of Ordinances, chap. 18, art. 2, § 5, is void if in conflict
with charter — title to public office not involved — taxpayer is entitled
to maintain action — injunction granted.**

The jurisdiction conferred by section 1543a of the Greater New York charter,
which gives the police commissioner the power to rehear charges upon which
a member of the uniformed police force has been dismissed, is exhausted by one
rehearing, and the reinstatement of a member of the police force on a second
rehearing after the statutory period had expired is illegal and void.

Any authority conferred upon the mayor of New York city by chapter 18, article 2,
section 5, of the Code of Ordinances, to consent to a rehearing of charges is void
in so far as it conflicts with the Greater New York charter.

Proceedings to restrain city officials from recognizing a member of the uniformed
police force as such, who was reinstated on a second rehearing, do not involve
title to a public office since said member was not legally a member of the police
force.

A taxpayer was entitled to begin this action, under section 28 of the Civil Service
Law, to prevent waste, since the reinstatement was unlawful, the said reinstated
member is not a member of the force and has no claim upon salary as such,
and payment thereof is illegal and a waste of public funds; and, therefore, an
injunction should be granted.

APPEAL by the plaintiff, William Jay Schieffelin, from an order
of the Supreme Court, made at the New York Special Term and
entered in the office of the clerk of the county of New York on the
16th day of October, 1922, as resettled by an order entered in said
clerk's office on the 2d day of November, 1922, denying his motion
for a temporary injunction, and also from an order entered in said
clerk's office on the 30th day of October, 1922, denying said motion
upon reargument.

*Leonard M. Wallstein* [*Ralph M. Frink* with him on the brief],
for the appellant.

*Koenig, Sittenfield & Aranow* and *John P. O'Brien, Corporation
Counsel* [*Frank Aranow* of counsel], for the respondents.

CLARKE, P. J.:

The action is brought by a taxpayer to restrain the defendants
other than Dolan, city officials, from recognizing defendant Dolan
as a member of the police force of the city of New York, upon the

ground that, having been duly dismissed from said force on August 23, 1915, for extortion, his purported reinstatement therein on February 3, 1919, was illegal, void and of no effect. It appears from the papers on appeal that Dolan was duly appointed a member of the police force on October 25, 1913. On August 23, 1915, following a trial upon charges including extortion before the then police commissioner, Dolan was found guilty of said charges and duly dismissed from the force. Upon a writ of certiorari the said determination of the police commissioner was reviewed by the Appellate Division, Second Department, and was on June 9, 1916, confirmed by said court. (*People ex rel. Dolan* v. *Woods,* 174 App. Div. 883.) On or about July 27, 1916, within one year after his dismissal, Dolan applied, pursuant to the Greater New York charter, section 1543a, to the then mayor for consent to a rehearing upon said charges upon which he had been dismissed, and on December 3, 1917, such application was granted, followed by such rehearing, which was had on or about December 13, 1917, and thereupon by order of the police commissioner on December 20, 1917, Dolan's dismissal was confirmed. Thereafter and on or about October 10, 1918, more than a year after his dismissal from the force, Dolan submitted a second application for a consent to a rehearing of the charges upon which he had been dismissed to the present mayor, and on October 23, 1918, the said mayor granted such application which was followed by a rehearing on October 31, 1918. This resulted in an order of February 3, 1919, purporting to direct the reinstatement of Dolan as a member of the police force, since which time he has been purporting to act as a member thereof. Following such purported reinstatement the defendant police commissioner and the defendants constituting the municipal civil service commission have certified payrolls including Dolan's name as a member of the force, and the defendant comptroller has caused Dolan's salary to be paid and will continue to do so unless restrained.

By way of special defense the defendant Dolan claims that the present mayor had jurisdiction to consent to a rehearing of the charges and for his reinstatement under chapter 18, article 2, section 5, of the Code of Ordinances of the City of New York. The police commissioner has claimed no authority to act under said ordinances in reinstating Dolan, claiming to rely solely upon the Greater New York charter, section 1543a. The defendant Dolan for a further defense alleges that this action is brought under section 28 of the Civil Service Law (as amd. by Laws of 1914, chap. 513), and that the same is unconstitutional because purporting to authorize the trial of the title to a public office other than by quo warranto.

The police commissioner is without authority in the absence of statute to restore to the police force a person dismissed therefrom by his predecessor. In *Matter of Hyland* v. *Waldo* (158 App. Div. 654) this court said: " The police commissioner, upon the trial of members of the force, acts as a special and subordinate tribunal. ' The rule which forbids the reopening of a matter once judicially determined by a competent jurisdiction, applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers.' (*Osterhoudt* v. *Rigney*, 98 N. Y. 222, 234.)   *   *   *   In *People ex rel. Cohen* v. *York* (43 App. Div. 138) the relator had been dismissed from the police force upon a charge which had been preferred against him and upon which he was tried, and duly found guilty. Some time afterward he petitioned to have the investigation reopened. Mr. Justice PATTERSON said: ' *   *   *   But we fail to find anything in the powers conferred by law upon the police commissioners, or anything in their rules or regulations, which would authorize them to grant an application such as this.   *   *   *   The power of the commissioners respecting the dismissal and reinstatement of police officers is one conferred by law; trials are regulated by law and the rules of the department.   *   *   *   There was no duty or obligation upon the police board to open the relator's case and grant him a rehearing.  No right to such a rehearing was given him by law.'

" In *People ex rel. Padian* v. *McAdoo* (114 App. Div. 100) Mr. Justice INGRAHAM said: ' There is no provision of the charter cited by counsel, or that I am aware of, that gives a police commissioner power to reverse an action of his predecessor and restore an officer to the force after he has been dismissed.' "

The decision in *People ex rel. Padian* v. *McAdoo* (*supra*) was rendered in 1906, and the Legislature in 1907 by chapter 723 of that year added section 1543a to the Greater New York charter, giving the police commissioner the power to rehear charges upon which a member of the uniformed police force had been dismissed unless such dismissal was for insubordination, conduct unbecoming an officer, cowardice or intoxication, on condition that back pay was waived and that the application for rehearing was made within a year after the act took effect or within one year after the removal if such removal occurred thereafter.  By chapter 79 of the Laws of 1915 said section 1543a was amended so as to strike out the limitation upon the power to rehear where the officer had been dismissed upon the specific charges enumerated in the prior act, retaining, however, the provisions of back pay and the limitation of time within which such rehearing could be had.

23

Dolan's dismissal having been ordered August 23, 1915, his application for rehearing submitted on July 27, 1916, to the then mayor was submitted within the statutory limitation and the mayor had jurisdiction to consent to the rehearing, which he did, and the police commissioner had jurisdiction to rehear and reinstate, which he denied and confirmed the dismissal. It seems clear under the authorities cited in *Matter of Hyland* v. *Waldo* (*supra*) that the jurisdiction conferred by statute was exhausted after it had been invoked and exercised and the original dismissal confirmed, and that there was no further power to rehear certainly after the statutory period had expired, as is the case in the matter now before us. Both the mayor and the commissioner became *functus officio* in the premises. The claim of the respondent that the matter was still open because the original application had been made within the period of the statutory limitation, to wit, one year, and that thereafter the respondent could go on renewing his application without limitation of time until he could find, after repeated endeavors, complacent officers to restore him, would lead to the absurdity of holding that an obviously short statute of limitation could be indefinitely extended although the power granted thereunder had been definitely exercised. As to the claim of authority conferred by the municipal ordinance it is sufficient to say that an aldermanic ordinance cannot repeal, amend or modify a State statute.

In *People ex rel. Kieley* v. *Lent* (166 App. Div. 550; affd., 215 N. Y. 626) the court said: " The intent that municipal corporations by ordinance can supersede the State law will not be inferred from general grants of power, nor will such authority be held to exist as an implied or incidental right. (Dillon Mun. Corp. [5th ed.] § 632.) As all municipal authority comes from the Legislature, the provisions of municipal charters, however broad, are subject to such restrictions as may be imposed by general laws."

The claim that the title to a public office is involved, and that such statutes, in so far as they authorize the commencement of a taxpayer's action which involves the title to public office, are unconstitutional and void, was disposed of in *Matter of Hyland* v. *Waldo* (*supra*) where this court said: " The appellant makes the further point that the police commissioner having exercised jurisdiction over the appellant and restored him to his office, could not again dismiss him except in the manner provided for in sections 300 and 302 of the charter.† * * * This contention is answered in *People ex rel. Hannan* v. *Board of Health* (153 N. Y. 513, 519): ' He

† Respectively amd. by Laws of 1904, chap. 341, and Laws of 1915, chap. 310.— [REP.

was, therefore, an officer *de facto* only, and, while his acts were binding upon the public, he had no title to the position, and it was the duty of the defendants upon learning the facts to dispense with his services and appoint a person who possessed the qualifications required by law. * * * ' In *People ex rel. Kopp* v. *French* (102 N. Y. 583, 586) Judge EARL said: ' Kopp was not legally a member of the police force. He was ineligible; the police commissioners had no right under the statute to appoint him; and when it came to their knowledge that he had been convicted of a crime, and was, therefore, ineligible to the office, they had the right summarily to vacate his appointment, discharge him from the police force and refuse longer to recognize him as a member thereof.' In *People ex rel. Krushinsky* v. *Martin* [91 Hun, 425, 428] the court said: ' The provisions of the law requiring the formulation of written charges and service of the same could only apply to one who had been legally constituted a member of the force. As against the relator such a course was unnecessary for the reason that the proceedings of the board of police were in the nature of an investigation to ascertain whether or not he was legally a member of the force. * * * The relator never was legally a member of the force because, being appointed in violation of the civil service laws, his appointment was void *ab initio* and conferred no rights upon the appointee.' In the matter at bar, relator, having been reinstated in violation of the express provisions of law, was not legally a member of the force. It was, therefore, the duty of the commissioner, when advised of this fact, to summarily dismiss him."

In the matter now before us, the reinstatement being unlawful, Dolan is not a member of the force, has no claim upon salary as such, payment thereof is illegal and a waste of public funds, and the plaintiff as a taxpayer was entitled to begin this action to prevent such waste. It was error, therefore, to refuse the injunction prayed for, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the injunction prayed for granted, with ten dollars costs to the appellant.

DOWLING, SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs to the appellant. Settle order on notice.