[No. 17945. Department Two. August 27, 1923.]

THE STATE OF WASHINGTON, *on the Relation of W. E. Worsham, Plaintiff*, v. EDWIN J. BROWN *et al., Respondents.*[1]

MUNICIPAL CORPORATIONS (65)—OFFICERS—REMOVAL—RESTRICTION OF CIVIL SERVICE—POWER TO GRANT REHEARING. The civil service commission being a body of limited jurisdiction when acting in a quasi judicial capacity, it has no inherent power, irrespective of statute, to grant a rehearing to review or annul its own final order discharging an employee and disallowing his salary.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered February 7, 1923, upon findings in favor of the defendants, dismissing an action in mandamus, tried to the court. Affirmed.

*E. F. Kienstra*, for appellant.

*Thomas J. L. Kennedy* and *Frank M. Preston*, for respondents.

MAIN, C. J.—The relator brought this action in mandamus in the superior court, seeking to compel the allowance and payment of a claim for salary. From the judgment entered, dismissing the proceeding, this appeal is prosecuted.

The appellant, for some time prior to April 6, 1922, was a detective in the police department of the city of Seattle, under the classified civil service, and on this day was discharged for cause by the then chief of police. After being discharged, he brought the matter before the civil service commission of the city and a hearing was had before that body at which witnesses were sworn and testimony taken, with the result that, on May 23, 1922, the commission entered an order sustaining the chief of police in the removal of

Reported in 218 Pac. 9.

the appellant.    Sometime thereafter, and on October 11, 1922, the appellant filed a motion for a new trial or rehearing with the commission.    At this time one of the members of the commission at the time of the original hearing had been supplanted by the appointment of a new member.    On December 12, 1922, the commission set the rehearing for the 19th day of that month, and at this time the appellant appeared with his counsel and witnesses and the commission proceeded to hear the newly-discovered evidence submitted by him, and an order was entered setting aside the previous order of May 23d, by which the appellant had been discharged, and reinstating him in his former position.

On January 4, 1923, the police pay roll for the last two weeks of the previous month was submitted to the civil service commission and approved by that body. By this pay roll, the compensation which the appellant had earned during the portion of the preceding month which he had served in his original position, after reinstatement, was allowed.    Thereafter the matter of the allowance of the pay roll came before the auditing committee of the city, and the salary allowance to the appellant was by that committee disallowed and his name was stricken from the pay roll.    The appellant then brought this action, seeking, as above stated, to require the approval of his claim for salary during the time that he had served after his reinstatement by the commission.

The sole question here to be determined is whether the civil service commission had the power, after entering a final order dismissing the appellant from the service, to entertain a motion for new trial or rehearing and review and set aside its prior order.    If it had such power, the appellant is entitled to have his

claim approved; if it did not have such power, the judgment of the superior court should be sustained. The civil service commission is created by, and derives its authority from, the city charter. It has only such powers as are there enumerated. There is no provision in the charter authorizing the commission to entertain motions for a new trial or grant rehearings after having once finally determined a matter. The question is, then, reduced to whether the commission had the inherent power to grant a new trial or a rehearing, it not having expressly by the charter been given that power. The rules by which a court of general jurisdiction, either at common law or under a statute, may grant new trials are not controlling here, since the commission is not a court of general jurisdiction, but is a body of limited jurisdiction which acts in a quasi judicial capacity. The general rule is that courts of special and limited jurisdiction cannot sit in review of their own orders or vacate or annul them. *McCoy v. Bell,* 1 Wash. 504, 20 Pac. 595; *State ex rel. Grimmer v. Spokane,* 64 Wash. 388, 116 Pac. 878; *Hitchcock v. Genesee Probate Judge,* 99 Mich. 128, 57 N. W. 1097; *Conley v. Upson,* 197 App. Div. 815, 189 N. Y. Supp. 473; *People ex rel. Swedish Hospital v. Leo,* 120 Misc. Rep. 355, 198 N. Y. Supp. 397.

Under the rule stated, the civil service commission, having been created by the charter of the city of Seattle and not having been given power by the charter to grant new trials or rehearings, did not have the inherent power to do so. While it may be said that there is not unanimity in the authorities in making this application of the general rule, we are of the opinion that those authorities which hold that the civil service commission has not the inherent power to grant rehearings or new trials after once having finally dis-

posed of a matter are better supported in reason. In vol. II, McQuillin on Municipal Corporations, at § 566, it is said:

"Jurisdiction is essential, to enable the officer or tribunal to proceed legally. In the case of a subordinate tribunal, created by statute, such as the civil service commission, it is fundamental that jurisdiction must affirmatively appear on the face of the proceedings and that no presumption will be indulged in favor of it, as in the case of a court of general jurisdiction."

The doctrine there announced is specifically applied in § 568, Vol. VII, of the same work, where it is said:

"A rehearing (by the civil service commission) can be granted only where the law so authorizes."

In *Crowe v. Albee,* 87 Ore. 148, 169 Pac. 785, an action was brought to compel the reinstatement of the plaintiff as a member of the police force of the city of Portland, from which he had been dismissed by the civil service board of that city. One of the questions in the case was whether the board had the power to grant a rehearing after having once finally dismissed the plaintiff from the service, and it was there distinctly held that it had no such power, since this power had not been given by the charter of the city. It was there said:

"The purpose to be subserved by the municipal charter in creating the civil service board was to establish a tribunal for the speedy and final determination of investigations relating to the alleged improper removal or discharge from the classified list of persons who had been permanently employed. It was a very simple matter for the board to have determined from the evidence received whether or not the plaintiff had been dismissed in good faith for the purpose of improving the public service. A rule of practice which, in the absence of any charter provision, would permit the board to amend its decision, eight months after

it was rendered, would allow an unlimited time within which to make a correction in its final determinations. Believing such delays should not be sanctioned, we conclude no error was committed in dismissing the proceedings.''

The appellate division of the supreme court of New York has, on a number of occasions, held that the police commissioner of that city has no power, after once having dismissed a policeman from the service, to review his own decision and order reinstatement. *People ex rel. Cohen v. York,* 43 App. Div. 138, 59 N. Y. Supp. 333; *People ex rel. Padian v. McAdoo,* 114 App. Div. 100, 99 N. Y. Supp. 600; *Hyland v. Waldo,* 158 App. Div. 654, 143 N. Y. Supp. 901.

Two of the cases cited by the appellant should be given consideration. In *State ex rel. Klotter v. Police Board of City of New Orleans,* 51 La. Ann. 747, 25 South. 637, it appears to be held that the police board of the city of New Orleans had the power to grant rehearings or new trials without a special provision authorizing it so to do. There is language in the case of *State ex rel. Chapman v. Lesser,* 94 Ohio St. 387, 115 N. E. 33, to the same effect, but the question was not necessarily involved in that case. We are not disposed to follow the rule of those cases, because, as it appears from what has already been said, the better reason and the general current of authority support the other view.

The judgment will be affirmed.

FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.

PARKER, J. (concurring)—I am willing to concede that the civil service commission erroneously exercised its power and jurisdiction in reinstating relator, but I am not willing to concede inferentially, as I fear the foregoing opinion may be construed as doing, that

the civil service commission so absolutely exceeded its power and jurisdiction as to authorize the auditing committee to challenge the validity of the civil service commissioner's order of reinstatement and allowance of compensation to relator for services actually rendered by him in pursuance of such reinstatement. The chief of police might possibly have ignored the order of the civil service commission reinstating relator and refuse to allow him to enter the service, or relator might have been excluded from the service by some other appropriate effective means, but this to my mind is a far different question from that of allowing or disallowing relator compensation for services actually rendered by him in pursuance of an order of the civil service commission purporting to qualify him for service and the actual admission of him to service by the chief of police. However, the question of the authority of the auditing committee to question the validity of the order for the reinstatement of relator made by the civil service commission being waived by relator upon this appeal, I concur in the result reached in the foregoing opinion.