No. 13,038.

STATE EX REL. DAVID C. KLOTTER VS. POLICE BOARD OF THE CITY OF NEW ORLEANS.

SYLLABUS.

1. Under the powers granted to it by law, the Police Board of the City of New Orleans is vested with authority to grant new trials to parties convicted by it of infractions of its rules and regulations—the power being exercised at its discretion if rules on that subject have not been adopted, and if rules have been adopted then to be exercised under the terms thereof.

2. The order of the Board granting a new trial is generally final, and can not be set aside unless inadvertently given; certainly not in the absence of legal cause, made ordinarily to appear contradictorily with the party interested.

3. An order granting a new trial, as a general rule, vacates a former judgment without any special order to set it aside, and leaves the case as though no trial had been had.

4. Where the Board, outside of its proper powers, revokes an order for a new trial which it had legally granted, *mandamus* will lie to it, commanding it to proceed to a new trial of the case. State *ex rel.* Klotter vs. Police Board, 747.

ON APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*E. A. O'Sullivan* for Plaintiff, Appellee.

Argued and submitted April 8, 1899.
Opinion handed down April 17, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J.   The plaintiff in his petition represented that he .had been for several years a sergeant of police of the city of New Orleans, under the control and supervision of the Police Board of said city, under *Act No. 63 of 1888.*

That he was charged with oppression in office, conduct unbecoming an officer and insult and abuse.   That under the powers granted .to said Police Board · it acted in a judicial capacity and tried the ·charges so brought against him and found him guilty of same, and therefore passed sentence on him, dismissing him from the police force.

That on the ——·day of August, 1898, feeling aggrieved at the ver- .dict and sentence, he filed a petition in which he alleged that since his conviction he had discovered additional evidence of which he was ignorant at the time of his trial.   That the charges against him were unfounded and that he could and would establish his innocence were .a rehearing granted him.

. That the Board being convinced of the error committed in discharging relator from the police force, after due deliberation, on the ·28th of September, finally granted a rehearing of relator's case, and fixed the hearing thereof for October 12th, 1898.

That on that day the prosecuting witness and those for the defence appeared before said Board, when on motion the Board without hearing plaintiff and against his will and consent, revoked the order granting a rehearing, and refused to proceed in the examination of ·the charges against him.

That said board is vested with judicial powers *quoad* the members ·of the police force; that their rulings and judgments are of as binding effect upon said board, as they are on those subject to them.

That the Board has discretionary powers either to grant or refuse rehearings, with which discretion the courts can not interfere.   That it having granted petitioner a rehearing, he was by the granting ᵗthereof reinstated in his position on said force, subject to the charges

pending against him. That the judgment of dismissal having been set aside, he, by said order, acquired the right of trial and investigation into the charges brought against him and he could not have been deprived of said right but by due process of law.

That the Board refused to try said charges; that it was a duty imposed on it by law.

That the law had assigned no relief by ordinary means which he could invoke to protect his right other than the equitable writ of *mandamus.*

He prayed for an order directed to said Board, commanding it to proceed with the trial of the charges brought against him, and determine the same; that the writ be made peremptory, and that the court grant such orders and decrees as plaintiff is entitled to under the law and in equity.

The defendant was ordered to show cause, if any it had, why the relief prayed for should not be granted.

The Police Board seems to have made no return.

The case was tried, and judgment rendered by the District Court commanding the Police Board of the city of New Orleans to proceed under the new trial granted to plaintiff with the trial of the charges brought against him, and to hear and determine the same.

The judgment recites that it was rendered after hearing, pleading, evidence and counsel, by reason of the law and the evidence in favor of the plaintiff, and against defendant.

The defendant appealed, but filed no brief, and made no appearance in the Supreme Court.

The transcript comes up without evidence, though the district clerk certifies that it contained all the proceedings had, documents filed and adduced upon the trial of the cause.

## OPINION.

It was stated by counsel of the plaintiff in his argument before the court that the order of the Board granting a new trial was set aside, not in the exercise of a supposed reserved discretionary right to do so, but because in the opinion of the city attorney, it was without power or authority to have granted as it had, the order for the new trial which was thus set aside.

By the 16th section of the Act creating the Board it was empow-

ered in its discretion to enact, modify and repeal, from time to time, orders, rules and regulations of general descipline wherein, in addition to such general rules as might be deemed expedient by said Board, there might be particularly defined, enumerated and distributed, the powers and liabilities of the officers, clerks and members of the police force and wherein should be declared the mode of appointment to office, the maner of discipline, and procedure of trial and removal from office of the said officers, clerks and members of said force, provided that such laws, ordinances, orders, rules and regulations, forms and modes of procedure, should not conflict with any of the provisions of the same act.

We find no restriction or limitation placed upon the Board under the broad powers given to it by this section in respect to its authority to grant new trials and fix the circumstances under which they should be allowed.

If such a limitation or restriction exists outside of the act itself, it has not been in any manner, brought to our attention. We have not been informed of the adoption by the Board of any rules on this subject which the granting of the new trial in this particular case contravened.

We have to deal with matters from the standpoint that the Board having power to grant new trials, had exercised the same in favor of the plaintiff in this particular case, and that having so exercised it, it had revoked its action, without notice or hearing for no assigned reason.

The District Court in reaching its conclusion evidently acted upon evidence before it of which evidence we have not the benefit.

Under the circumstances in which this matter reaches us, we are justified in either dismissing the appeal or in affirming the judgment appealed from, upon the presumption of correctness which attaches *prima facie* on appeal to the judgments of the District Court.

In view of the statement made by counsel that the Board of Police Commissioners is in doubt in respect to the extent of its power of control over matters of new trial and of that question being of a public character which should be set at rest, we think it best to say that they are within the power and control of the Board, to be exercised by it, in their discretion if rules on the subject have not been adopted, but if such have been adopted, then to be granted or refused under the

.terms of the rules. That if a rehearing is once granted its action is .generally final and not subject to revocation, certainly not in the ab-.sence of legal cause, shown contradictorily with the party interested.

The power to undo is not as great as the power to do.

In the Am. and Eng. Ency. of Law *verbo* "New Trial," the rule as ·to the order for a new trial and its effect is announced as follows:

"The order of the court on a motion for a new trial is final, and can not be set aside unless it was inadvertantly given."

"An order granting a new trial, as a general rule vacates a former judgment, without any special order to set it aside and sweeps away the verdict and leaves the case as though no trial had been had."

This latter statement covers the position taken before us, by the appellee. He contends that the effect of the order granting a new trial, was to sweep away the order of dismissal, and leave his case open for trial and decision. That the order of revocation was one beyond the power and authority of the Board to make and that he is entitled to require the Board to hear and dispose of the charges preferred against him. We think he is entitled to that relief and we reach this conclusion the more readily because we feel satisfied that the revoking order was not due to any change of opinion, on the part of the Board in respect to the correctness or propriety of its order granting a new trial, but by reason of its (erroneously) supposed want of authority to have granted it.

Our judgment will have the effect of restoring the status as it existed prior to the order of revocation, leaving the order for a new trial standing, as one granted in the exercise of its discretionary powers by the Board and placing matters where the Board, when acting freely, placed them.

(See on this subject, 24 Amer. Law Reg., 531; 104 N. C., 742; 15 S. E. Rep., 99, 100, 103; 41 N. W., 743; 60 N. W., 1084; 67 N. W., 94.)

For the reasons assigned the judgment appealed from is hereby :affirmed.