550 P.2d 621

**AMERICAN SMELTING AND REFINING COMPANY and Hayden Smelter,
Appellant,**

v.

**ARIZONA AIR POLLUTION CONTROL HEARING BOARD, Division of Air Pollution Control of the State Department of Health and Arthur A. Aymar, Director, Appellees.**

**No. 12253–PR.**

Supreme Court of Arizona,
In Banc.

June 8, 1976.

Rehearing Denied July 13, 1976.

Evans, Kitchel & Jenckes, P. C. by Harold J. Bliss, Jr., Phoenix, for appellant.

Gary K. Nelson, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen. by Patrick M. Murphy, Asst. Atty. Gen., Phoenix, for appellees.

GORDON, Justice:

Appellant, American Smelting and Refining Company (hereinafter referred to as ASARCO) brought this suit for judicial review of the decision of the Arizona Air Pollution Control Hearing Board (hereinafter referred to as the Board). From the order of the Superior Court of Maricopa County granting the Board's motion to dismiss ASARCO's complaint on the grounds that the issues were moot ASARCO appealed. The Court of Appeals, Division One, reversed the judgment of the Superior Court, 24 Ariz.App. 66, 535 P.2d 1070 (1975), and remanded the case with directions to render judgment in favor of ASARCO and enter such judgment nunc pro tunc. We accepted review. Opinion of the Court of Appeals vacated and judgment of the Superior Court of Maricopa County reversed.

The facts necessary to this review are as follows: On December 29, 1972 the Board issued Order #197216–R which renewed with certain restrictions a conditional operating permit for ASARCO's Hayden Smelter. On March 2, 1973 after exhausting its administrative remedies ASARCO appealed to the Superior Court for judicial review of the Board's order. On May 10, 1973 the Board acted sua sponte vacating part of Order #197216–R which formed the basis for ASARCO's complaint in Superior Court, and ordered a hearing on July 13, 1973 for the purpose of modifying ASARCO's conditional permit for operating its Hayden Smelter. On July 11, 1973 the Board filed a motion to dismiss ASARCO's complaint in Superior Court on the grounds that Order #197216–R had been vacated and that therefore, the issues had become moot. The July 13th hearing was held on July 20, 1973 when the Board again considered the question of whether to grant ASARCO's Hayden Smelter a conditional operating permit. On August 3, 1973 the Board rendered its Order #197216–M which renewed with restrictions ASARCO's conditional permit for its Hayden Smelter. The Superior Court held hearings on the Board's Motion to Dismiss on July 27, September 7 and October 4, 1973 and received into evidence (over the objection of ASARCO) the transcript of the Board's hearing on July 20, 1973. The Superior Court granted the Board's motion to dismiss on the grounds that the issues had become moot and entered final judgment on November 16, 1973. ASARCO appealed and the Court of Appeals reversed the judgment of the trial court and remanded the case with directions to enter summary judgment in favor of ASARCO nunc pro tunc as of July 11, 1973.

■ Appellant urges that the Board was without authority to issue its order of May 10, 1973, to hold its hearing on July 20, 1973 and to issue any order pursuant thereto. This contention is based on the fact that ASARCO perfected its appeal as of March 2, 1973, and this action divested the Board of jurisdiction to further consider the matter of the conditional operating permit for the Hayden Smelter. We agree.

■ It is a well-settled principle that where the decision of a board, commission or other inferior tribunal is judicial in character the effect of an appeal is to oust the inferior tribunal of jurisdiction to proceed further. *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973); *Rodriquez v. Williams,* 104 Ariz. 280, 451 P.2d 609 (1969); *Wammack v. Industrial Commission of Arizona,* 83 Ariz. 321, 320 P.2d 950 (1958).

■ A board, commission or tribunal can use its appropriate modification power to reconsider decisions until the time when an appeal is perfected. *Wammack v. Industrial Commission of Arizona,* supra, quoted with approval in *Davis v. Industrial Commission,* 103 Ariz. 114, 437 P.2d 647 (1968). Appellee further urges that since the Air Pollution Control Act (A.R.S. § 36–1700 et seq.) embodies the specific power to modify its orders it has the inherent statutory authority to modify conditional permits concurrently with the Superior Court when an order is taken on appeal. The specific authority to modify conditional permits is set forth in A.R.S. § 36–1713 (F) which states:

"F. The hearing board may revoke or modify an order of abatement, a permit or a conditional permit only after first holding a hearing within thirty days from the giving of notice of such hearing as provided in § 36–1714."

We do not agree. We hold that this provision grants jurisdiction to the Board to modify orders until the jurisdiction of the Superior Court is properly invoked according to the procedures set forth in A.R.S. § 36–1713.01. The necessity for a final administrative decision rule was carefully analyzed in *Whitfield Transportation, Inc. v. Brooks,* 81 Ariz. 136, 141, 302 P.2d 526, 529 (1956):

"* * * where an appeal had already been perfected from the judgment of the

lower court, the Commission's revocation of the certificate it had theretofore issued to Whitfield was a direct and plain invasion of the appellate and revisory powers of this court. The order in question certainly did not aid the appeal; rather, it would tend to nullify it. The jurisdiction of this court when properly invoked must be protected. It cannot be defeated or usurped to the extent that its decision when rendered be nugatory."

Therefore, any action regarding the conditional permit for ASARCO's Hayden Smelter after March 2, 1973 was void and of no effect. The Superior Court, therefore, had no basis upon which to dismiss ASARCO's complaint. This case is remanded to the Superior Court for consideration of the merits of ASARCO's appeal of the December 29, 1972 order of the Board modifying and renewing ASARCO's conditional permit.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.