THE STATE, EX REL. REPUBLIC STEEL CORP., APPELLEE AND APPELLANT, *v.* ENVIRONMENTAL BOARD OF REVIEW, APPELLEE; BROADWAY RETIREES' FELLOWSHIP, APPELLANT AND APPELLEE.

(Nos. 77-895 and 77-913—Decided April 19, 1978.)

Mr. *Victor E. DeMarco,* Mr. *James C. Sennett,* Messrs. *Jones, Day, Reavis & Pogue,* Ms. *Kathleen B. Burke,* Mr. *James L. Wamsley, III,* and Mr. *Edward P. Weber, Jr.,* for Republic Steel Corporation.

Mr. *William J. Brown,* attorney general, and Mr. *Christopher R. Schraff,* for Environmental Board of Review.

Ms. *Ann Aldrich,* Mr. *Shimon Kaplan,* Mr. *Joseph P. Meissner* and Mr. *Jeffrey H. Olson,* for Broadway Retirees' Fellowship.

*Per Curiam.* Republic Steel Corporation urges, in four propositions of law, that: (1) when the Environmental Board of Review issues a final order pursuant to R. C. 3745.05 and an appeal from that order is taken pursuant to R. C. 3745.06, the board loses jurisdiction of the subject matter of the cause and may not entertain a "relitigation of issues pending on appeal from such final order"; (2) a writ of prohibition should issue to restrain the Environmental Board of Review from exceeding its jurisdiction by "rehearing issues previously determined by it and taken up on appeal"; (3) when an inferior tribunal is without jurisdiction whatsoever to act, the availability of an adequate remedy at law is immaterial to a proceeding in prohibition; and (4) when a party will be required to simultaneously litigate the same factual and legal issues in two forums, a right of appeal is not an adequate remedy which will preclude issuance of a writ of prohibition.

The Broadway groups, who are the appellants in case No. 37329 in the Court of Appeals, and in case No. EBR 77-14 before the board, set forth the following assignments of error in case No. 37329:

"First Assignment of Error: The Environmental Board of Review erred in permitting the immediate operation of coke oven Battery No. 1 because the operation of that battery, in its present condition, violates Ohio law, whether that operation is pursuant to the consent agreement appealed from, or pursuant to a conditional permit."

"Second Assignment of Error: The Environmental Board of Review erred in permitting the immediate operation of coke oven Battery No. 1 because the operation of a new source of air pollution in a non-attainment region, without the pollution controls required by law, is in violation of applicable federal statutes."

"Third Assignment of Error: The Environmental Board of Review erred in requiring public notice simultaneously with the operation of the new coke oven battery because 'simultaneous' notice fails to comply with both state and federal procedural statutory requirements."

In case No. EBR 77-14, the Broadway groups made the following assignments of error:

"First Assignment of Error: The Director of the Ohio EPA has erred in issuing the conditional permit to Republic Steel for Coke Battery No. 1 by permitting the operation of a new source of air contaminant in a non-attainment area.

"Second Assignment of Error: The Director of the Ohio EPA has erred in issuing the conditional permits to Republic Steel for Coke Battery No. 1 by failing and neglecting to follow the Order of the Environmental Board of Review issued in EBR Case No. 76-24. In particular, the Director failed to comply with the EBR's Final Order in the following respects:

"a. The Director did not notify the public by prominent advertisement in a newspaper of general circulation about his actions as required by 40 C. F. R. 52.1879.

"b. The Director failed to obtain public participation. In fact, the conduct of the Director militated against any meaningful participation by the public..

"c. The Director failed to follow the requirements of O. R. C. 119 as ordered in the EBR's final decision. In fact, the Director effectively amended and rescinded his own rules and regulations without holding the legally mandated hearings.

"d. The Director failed to follow the requirements of O. R. C. 119 and other applicable laws and regulations by depriving individuals of their rights to an adjudication hearing before the Ohio EPA.

"e. The Director's inadequate notice to the public as printed in the Cleveland Plain Dealer * * * indicated that the Director had already made a decision to issue the second conditional permit to Republic Steel without basing such a decision on available evidence and without waiting for public comment."

The final order of the board in case No. EBR 76-24 ordered the director "to issue immediately a conditional operating permit pursuant to R. C. 3704.03(G) to appellee Republic Steel for the operation of coke battery No. 1

citing therein as its evidentiary basis, the facts adduced before the EBR in Case No. 76-24. * * *"

A comparison of the foregoing assignments of error and the order of the board in case No. EBR 76-24 reveals a common issue in the original appeal to the board, the appeal pending in the Court of Appeals and in the second appeal to the board; *i. e.*, whether the issuance of the orders permitting the operation of Battery No. 1 was proper under the law on the facts presented.

R. C. 3745.05 provides as to hearings before the Environmental Board of Review that "[t]he order of the board is final unless vacated or modified upon judicial review."

It is a well-established principle that "[an] administrative board * * * has jurisdiction to reconsider its decision until the actual institution of a court appeal therefrom or until expiration of the time for appeal * * *." *State, ex rel. Borsuk,* v. *Cleveland* (1972), 28 Ohio St. 2d 224, 277 N. E. 2d 419. Thus, after a decision of an administrative board is appealed, the board loses its jurisdiction to reconsider its decision. *National Tube* v. *Ayres* (1949), 152 Ohio St. 255, 89 N. E. 2d 129; *Diltz* v. *Crouch* (1962), 173 Ohio St. 367, 182 N. E. 2d 315; *State, ex rel. Prayner,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 120, 206 N. E. 2d 911. If the administrative decision is reversed and vacated, of course, the decision of the board would be a nullity and, upon remand, the board would be "* * * deciding anew, rather than *reconsidering* a prior decision." *Superior Metal Products* v. *Admr., Bur. of Employment Services* (1975), 41 Ohio St. 2d 143, 146, 324 N. E. 2d 179.

When the above-stated principle is applied to the instant cause, the mandated conclusion is that the board lost its jurisdiction to consider the question of the validity of orders permitting the operation of Battery No. 1 when the appeal was instituted in the Court of Appeals in case No. EBR 76-24 (Court of Appeals case No. 37329). That question has been pending before the Court of Appeals since December 1976, despite the fact that R. C. 3745.06 provides that appeals from the Environmental Board of Review

"* * * shall [be] give[n] preference * * * over all other civil cases, irrespective of the position of the proceedings on the calendar of the court."

"If an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court." *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St. 2d 326, 329, 285 N. E. 2d 22; *State, ex rel. Allied Chemical Corp., v. Earhart* (1974), 37 Ohio St. 2d 153, 310 N. E. 2d 230. This principle is applicable to administrative boards or commissions. *State, ex rel. Republic Steel Corp., v. Ohio Civil Rights Comm.* (1975), 44 Ohio St. 2d 178, 339 N. E. 2d 658.

Inasmuch as the board at present has no further jurisdiction over the question of the validity of orders permitting the operation of Battery No. 1, the Court of Appeals erred in dismissing Republic Steel's complaint for a writ of prohibition. The judgment of the Court of Appeals is, therefore, reversed in case No. 77-913 and the writ prayed for is allowed.

In view of the allowance by this court of Broadway Fellowship's motion to intervene in case No. 77-913, and of this court's conclusion that the writ of prohibition should have been allowed by the Court of Appeals, the appeal by Broadway Fellowship in case No. 77-895 is dismissed as being moot.

*In case No. 77-913, judgment reversed.*
*In case No. 77-895, appeal dismissed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur in case No. 77-895.

O'NEILL, C. J., HERBERT, P. BROWN and SWEENEY, JJ., concur in case No. 77-913.

CELEBREZZE, W. BROWN and LOCHER, JJ., dissent in case No. 77-913.

CELEBREZZE, J., dissenting. I am constrained to dissent from the decision rendered in case No. 77-913. Apparently the majority has allowed the extraordinary writ of prohibition because "* * * a common issue in * * * the appeal pending in the Court of Appeals and in the second appeal to the board * * * [is] whether the issuance of the orders permitting the operation of Battery No. 1 was proper under the law * * *." In view of the complex procedural history of the instant dispute it is perhaps not surprising that such rash reductionism should yield an erroneous result.

The case presently pending before the Court of Appeals (case No. 37329) contests the validity of the board's decision (case No. EBR 76-24) requiring the director to issue the first conditional operating permit. In case No. EBR 77-14 a determination was sought as to whether the director complied with the "other appropriate actions" portion of the prior board decision in reaching his decision to grant relator a second conditional operating permit authorizing the operation of the battery of coke ovens until September 1, 1978.

I fail to perceive how the issue of compliance with the conditional permit procedure can be identified with a substantive challenge to the earlier decision mandating that the conditional permit procedure be implemented. Moreover, I concur in the Court of Appeals' belief that "* * * the extraordinary writ of prohibition provides a singularly gross alternative to the exercise of EBR administrative responsibility and expertise * * *."

Accordingly, I respectfully dissent.

LOCHER, J., dissenting. While concurring with the majority's decision in case No. 77-895, I must respectfully dissent from the majority's holding in case No. 77-913, for I fail to perceive the identicalness of case No. EBR 76-24 and case No. EBR 77-14, conceived by the majority. Case No. EBR 76-24 on appeal to the Court of Appeals raises the legal justification of the consent order

issued by the director allowing relator to operate a replacement battery of coke ovens. Case No. EBR 77-14 on appeal to the board simply challenges the procedures adopted by the director in deciding to extend the 60-day conditional permit for the operation of these ovens. There has been, as noted by the Court of Appeals, no demonstration that consent orders and conditional permits are the same thing, nor any showing that the procedures prefatory to the adoption are the same or, if the same, were followed or ignored in the same fashion in both cases. Indeed, relator has even agreed "that the parties have not previously litigated the issues of procedures to be employed by the Director of the Ohio EPA in issuing conditional operating permits."

I, therefore, would deny the issuance of the writ of prohibition, for I can not find that the board has lost its jurisdiction granted by the General Assembly to determine the validity of the procedure utilized by the director in granting an extended conditional permit to operate these coke ovens merely because the board's prior decision concerning the consent order, which authorized the director to extend the conditional permit, is now before the Court of Appeals.