**Timothy L. HUPP, d/b/a Your Appearance, Petitioner,**

v.

**EMPLOYMENT SECURITY COMMISSION OF WYOMING, Respondent.**

No. 85–149.

Supreme Court of Wyoming.

March 7, 1986.

Rodger McDaniel, Southeast Wyoming Law Offices of Rodger McDaniel, Cheyenne, for petitioner.

Karen A. Byrne, Asst. Atty. Gen., for respondent.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

CARDINE, Justice.

█ The single dispositive issue in this case is whether the Wyoming Employment Security Commission (ESC) has the authority to reconsider its own ruling in a contested case when that ruling was made by the full commission at the final stage of intra-agency review. We reverse and hold that decisions of the full commission sitting as an appellate tribunal are final unless a judicial appeal is taken to the district court by an unsuccessful party.[1]

## FACTS

This case arose when Raylene Davis, a barber formerly employed at a barbershop owned by appellant Timothy Hupp, filed a claim for unemployment benefits. Ms. Davis listed appellant as her last employer. When the claim was processed, the ESC staff discovered that appellant had not registered his business with the commission. The ESC then began an investigation to find out whether appellant was liable for employer contributions to the unemployment compensation fund.

The ESC's investigation resulted in an "Official Notice of Unemployment Insurance Coverage" which the agency sent to appellant. The notice informed appellant that he was an employer rather than an independent contractor and was, therefore, required to contribute to the fund. Appellant perfected a timely intra-agency appeal which was heard by an agency appeals examiner in Cheyenne on November 14, 1984. The examiner affirmed the initial agency determination, and appellant again

appealed, this time to the Employment Security Commission itself. After entertaining oral argument on December 17, 1984, the three-member commission reversed the prior agency determinations and held that the barbers working at appellant's place of business "were not engaged in employment for Timothy L. Hupp, d/b/a Your Appearance. Timothy L. Hupp is not liable for taxes paid on their wages."

The agency staff was apparently unhappy with the commission's decision and, on January 14, 1985, requested that the commission reconsider. Appellant was notified of the staff's request by mail. A nonevidentiary reconsideration hearing was held in Casper on January 24th, and the commission reversed itself by an order dated January 28th. The order stated:

"Upon reconsideration, we conclude that those who performed barber and cosmetology services for Hupp prior to August 2, 1983, were engaged in employment, under the Wyoming Employment Security Law, which subjected Hupp to contributions to the unemployment compensation fund based upon compensation paid to those individuals."

Appellant perfected a timely appeal to the district court, and the case was then certified directly to this court as permitted by Rule 12.09, W.R.A.P. (Cum.Supp.1985).

## THE PARTIES' CONTENTIONS

The parties agree that the procedures followed by appellant and the ESC were entirely proper until the commission decided to reconsider its ruling of December 17, 1984. Appellant claims that the commission had no authority to reconsider and that even if it had such authority, its decision upon reconsideration was unsupported by substantial evidence.[2] Appellee, the

---

* Retired November 30, 1985.

1. The agency itself cannot bring an appeal to the district court because it is not a "person aggrieved or adversely affected in fact by a final decision of an agency in a contested case." Section 16-3-114(a), W.S.1977; *Pritchard v. State, Division of Vocational Rehabilitation, Depart-*

*ment of Health and Social Services,* Wyo., 540 P.2d 523, 526 (1975).

2. Appellant also argued in his brief that even if permitted, the ESC's reconsideration was untimely. Appellant abandoned this contention at oral argument apparently recognizing that § 27-3-506(d), W.S.1977 (Cum.Supp.1985) governs the finality of the ESC's decision. If recon-

Employment Security Commission counters that the power to reconsider is inherent in an agency's power to decide and that the agency's decision upon reconsideration was supported by substantial evidence. We believe that the parties' first issue, whether the agency had authority to reconsider, is dispositive so we do not address the parties' second issue involving substantial evidence.

## THE POWER TO RECONSIDER

■ Any attempt to ascertain the powers of an administrative agency must begin with the proposition that only those powers expressly conferred by the legislature are granted to an agency. *Brasel & Sims Construction Company, Inc. v. State Highway Commission of Wyoming*, Wyo., 655 P.2d 265, 267 (1982).

> "Stated in another manner, an administrative body has only the power and authority granted by the constitution or statutes creating the same * * *. Such statutes must be strictly construed or 'any reasonable doubt of existence of any power must be resolved against the exercise thereof' * * *." (Citations omitted.) *Tri-County Electric Association, Inc. v. City of Gillette*, Wyo., 525 P.2d 3, 8–9 (1974).

In the context of an agency's power to reconsider a final decision, the Supreme Court of Hawaii has stated:

> "The weight of authority requires that an administrative agency's power to reconsider final decisions be statutorily grounded, either stated expressly or inferred from a reading of the entire statute." *Yamada v. Natural Disaster Claims Commission*, 54 Hawaii 621, 513 P.2d 1001, 1004 (1973). Accord *Olson v. Borough of Homestead*, 66 Pa.Cmwlth. 120, 443 A.2d 875, 878 (1982); *Klaren v.*

*Board of Fire and Police Commissioners of Village of Westmont*, 99 Ill.App.2d 356, 240 N.E.2d 535, 537 (1968); *Koehn v. State Board of Equalization, Department of Alcoholic Beverage Control*, 166 Cal.App.2d 109, 333 P.2d 125, 128 (1958).[3]

Consistent with the principle of enumerated agency authority, § 27–3–602(a)(ii), W.S.1977 limits the ESC's power to create its own procedures. It states:

> "(a) The commission shall:
>
> *   *   *   *   *   *
>
> "(ii) Determine its organization and methods of procedure *in accordance with this act*." (Emphasis added.)

In essence, the ESC may create and employ a reconsideration procedure only if that authority can be found somewhere in the Wyoming Employment Security Law, §§ 27–3–101 through 27–3–704, W.S.1977.

Our search for statutory authority covers a limited portion of the Employment Security Law because only a few of the act's provisions relate to employer contribution cases. These cases commence either when the employer requests a contribution determination by the commission or when the ESC staff begins an investigation on its own motion. Section 27–3–502, W.S. 1977 (Cum.Supp.1985). The staff makes the initial determination of employer liability, and it becomes final unless the employer appeals within 15 days after the determination is mailed. Section 27–3–502(a), W.S. 1977 (Cum.Supp.1985). If the employer appeals under § 27–3–502(a), then § 27–3–506(d), W.S.1977, supra, comes into play. That section, in turn, incorporates the procedures found in §§ 27–3–401 through 27–3–409:

> "An employer may apply to the commission for review of a decision or determination involving contribution liability. * *

---

sideration were authorized, then § 27–3–506(d) would permit reconsideration within 30 days after the ESC's decision. In this case, the ESC did reconsider within 30 days of the December 17th decision. We must decide whether the agency could reconsider, not whether its reconsideration was timely.

**3.** Some state courts and several United States circuit courts of appeal have held that the power to reconsider is inherent in an administrative agency's power to decide. E.g., *Trujillo v. General Electric Company*, 621 F.2d 1084, 1086 (10th Cir.1980). This is clearly contrary to the Wyoming principle of limited agency authority.

If the commission grants review, the employer shall be given opportunity for hearing in accordance with W.S. 27–3–401 through 27–3–409."

Section 27–3–403, W.S.1977 governs the employer's initial appeal. It is conducted by an appeal tribunal which is composed of either a hearing examiner or a three-member body consisting of a salaried examiner and representatives of the employer and employee. When, as in this case, an employee is not a party, a single hearing examiner makes up the appeal tribunal. The initial appeal takes the form of a contested case governed by the Wyoming Administrative Procedure Act (APA). See §§ 27–3–403 and 27–3–405, W.S.1977, supra.

If the appeal tribunal's decision is adverse to the employer, he can attempt an additional appeal under § 27–3–404, W.S. 1977. This second appeal within the agency is taken to the entire employment security commission. The commission can base its decision on the evidence taken by the hearing examiner, and it can also take new evidence. Section 27–3–404(b), W.S.1977.

Finally, if the full commission affirms a decision adverse to the employer, he has 30 days in which to bring an appeal to the district court. Section 27–3–506(d); Rule 12.04, W.R.A.P.

Section 27–3–404, W.S.1977 governs appeal procedure before the full commission. It is the statute which must be searched for language authorizing the full commission to reconsider its ruling in the employer's second appeal. Subsection (c) states in relevant part:

"The commission shall promptly notify parties to a proceeding of its decision including findings and conclusions. *The decision is final unless judicial review is initiated pursuant to this article.*" (Emphasis added.)

■ We think that the finality language of subsection (c) is clear. The commission *cannot reconsider its appellate decision* unless there is some other statute expressly permitting reconsideration. At first glance, it appears that subsection (d) of

§ 27–3–404 is just such a statutory exception. It states:

"Subject to limitations prescribed under W.S. 27–3–402(c), the commission may reconsider a determination provided by a final decision of an appeal tribunal and may apply to the tribunal for a revised decision."

But closer inspection reveals that the commission's power to reconsider the final decisions of appeal tribunals under § 27–3–404(d) is "subject to limitations prescribed under W.S. 27–3–402(c)." Section 27–3–402(c) permits reconsiderations only when there is "an error in computation or identity [of the unemployment claimant]," when wages of the claimant relevant to the determination were omitted, or when benefits were denied or determined based on a misrepresentation of facts. In this case, none of these grounds for reconsideration were present. The commission reconsidered its decision because the staff thought the commission had misread its own precedent, not because there had been an error in computation, an omission of claimant's wages, or misrepresentation of facts. Its reconsideration exceeded the limitations created in § 27–3–402(c).

### THE SPECIAL CONCURRENCE

In his special concurrence, Justice Urbigkit contends that the APA authorizes the ESC to reconsider its decisions as long as the agency adopts rules of reconsideration procedure. *Sage Club, Inc. v. Employment Security Commission of Wyoming,* Wyo., 601 P.2d 1306 (1979), is cited for the proposition that the APA prevails over the procedural sections of the Wyoming employment security statutes.

Our holding in *Sage Club, Inc. v. Employment Security Commission of Wyoming* was actually much narrower than suggested. We held that the APA procedures supersede conflicting statutes pertaining to employment security procedures that were passed *before* the APA was enacted. The key statute in this case, § 27–3–404(c), W.S.1977, is not superseded by APA § 16–3–102 because the legislature

recodified § 27–3–404 *after* the most recent revision of § 16–3–102. 1983 Wyoming Session Laws, ch. 114, § 1 (§ 27–3–404); 1982 Wyoming Session Laws, ch. 62, § 3 (§ 16–3–102). It appears that the legislature intended that § 27–3–404(c), W.S.1977 as amended, rather than the provisions of the APA, govern ESC rehearings.

If the legislature intended that the APA supersede all conflicting employment security statutes, it probably would have said so in the 1983 amendments to the Employment Security Law. In 1985, the legislature amended the statute at issue in *Sage Club, Inc. v. Employment Security Commission of Wyoming,* supra, § 27–3–407, so that it no longer conflicted with the APA judicial review provision. But the legislature did not change the procedural statute which governs ESC rehearings—§ 27–3–404(c).

The specially concurring opinion states that the legislature did not consciously withhold from the ESC power to rehear. But the plain language of § 27–3–404(c) suggests a conscious legislative decision to do just that. Section 27–3–404(c) states:

> "The decision [of the full Employment Security Commission] is final unless judicial review is initiated pursuant to this article."

If the legislature intended to empower the ESC to rehear, it surely knew how to grant that power in plain terms. When the legislature gave the Public Service Commission the power to rehear, the legislature used the following unmistakable language:

> "At any time after an order has been made by the commission any person interested therein may apply for a rehearing in respect to any matter determined therein and the commission shall grant and hold such rehearing if in its judgment sufficient reason therefor be made to appear, which rehearing shall be subject to such rules as the commission may prescribe." Section 37–2–214, W.S.1977.

We cannot find ESC rehearing authority in Rule 12.04, W.R.A.P., which gives aggrieved parties 30 days to appeal final agency decisions to the district court. The rule applies to decisions on rehearing as well as all other final decisions. But this does not mean that all agencies must have the power to rehear. The rule is simply a procedural provision that applies to those agencies that have been given the power to rehear.

Nor do subsections (a)(ii) and (b) of § 27–3–602, W.S.1977 authorize rehearings by the ESC. A careful reading of these sections reveals that the ESC can adopt rules of procedure only when they are in accordance with the specific procedural statutes in the Employment Security Law.

While we sympathize with Justice Urbigkit's suggestion that the ESC be able to revise its own decisions within a reasonable time after they are made, we believe that authority to rehear must come from the legislature. Section 27–3–404(c) can be amended, or a rehearing provision similar to the Public Service Commission's rehearing statute, § 37–2–214, W.S.1977, can be enacted.

Reversed.

BROWN, Justice, concurring.

■ I concur in the result reached by the majority opinion. But I disagree with the majority insofar as it holds that the Employment Security Commission may reconsider a prior decision only if such authority is expressly granted by statute in the Wyoming Employment Security Act. I agree with Justice Urbigkit's special concurrence and would also hold that an agency may reconsider its prior decision if it has promulgated rules governing such reconsideration.

URBIGKIT, Justice, concurring, with whom THOMAS, Chief Justice, joins.

■ I concur in the result of the majority opinion, except to determine only that an agency does not possess the right to reconsider a decision in the absence of adopted rules of procedure. I do not agree that "the ESC may create and employ a reconsideration procedure only if that authority can be found somewhere in the Wyoming Employment Security Law." I would hold

that an agency, with the general powers to adopt rules of procedure when granted by the legislature, may reconsider a decision if the agency has adopted rules pursuant to the Wyoming Administrative Procedure Act regarding such reconsideration procedures, at a time when the post-decision appeal time has not expired. See § 27–3–506(d), W.S.1977, 1985 Cum.Supp., and appellate Rule 12.04, W.R.A.P.

The authority of the Employment Security Commission is statutorily stated in the same general form as for many state agencies:

"(a) The commission shall:

\* \* \* \* \* \*

"(ii) Determine its organization and methods of procedure in accordance with this act;

\* \* \* \* \* \*

"(b) The commission may adopt, amend or rescind rules and regulations after notice and public hearing in accordance with the Wyoming Administrative Procedure Act." Section 27–3–602, W.S.1977, 1985 Cum.Supp.

The principle to be addressed is whether that rule-making authority includes the power to provide for the adoption of rules for a rehearing process under the time constraints otherwise provided by Wyoming law for the ultimate right to appeal to the courts. In order to accommodate the modern theories of administrative procedure, I would hold that the Wyoming law is sufficient to permit the adoption of these procedural rules and to permit agency case rehearings in the same general fashion as is now available to the trial courts of this state as the other fact finders in the Wyoming adjudicatory system. Koch, Administrative Law and Practice § 1.21, p. 38.[1]

To authenticate this approach, the Wyoming legislature enacted the Wyoming Administrative Procedure Act as § 16–3–101, et seq., W.S.1977 (1982 Replacement):

"General rulemaking requirements; assistance of attorney general.

"(a) In addition to other rulemaking requirements imposed by law, each agency shall:

"(i) Adopt rules of practice setting forth the nature and requirements of all formal and informal procedures available in connection with contested cases;

\* \* \* \* \* \*

"(c) In formulating rules of practice as required by this section, each agency may request the assistance of the attorney general and upon request the attorney general shall assist the agency or agencies in the preparation of rules of practice." Section 16–3–102.

A rule for this purpose is defined by § 16–3–101(b)(ix), W.S.1977:

"(ix) 'Rule' means each agency statement of general applicability that implements, interprets and prescribes \* \* \* procedures, or practice requirements of any agency."

The Wyoming Rules of Appellate Procedure recognize the potential rehearing process:

"In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency or denial of the petition for a *rehearing*, or, if a *rehearing* is held, within thirty (30) days after written, certified notice to all par-

---

**1.** The basic goal and responsibilities for an administrative law system as accommodated by the Wyoming Administrative Procedure Act is expressively discussed by Koch, supra, § 1.11, p. 25, to facilitate the optimum delivery of government services to the public with fairness, responsiveness and efficiency. See also Bloomenthal, *Administrative Law in Wyoming—An Introduction and Preliminary Report*, 16 Wyo. L.J. 191 (1962), and Comment, *The Wyoming Ad-*

*ministrative Procedure Act*, I Land & Water L.Rev. 497 (1966). Of interest generally on the adaptation of the Wyoming Administrative Procedure Act see *Administrative Law, Wyoming Style*, XVIII Land & Water L.Rev. 223 (1983); Singer, *Administrative Regulation Review—Act II*, XV Land & Water L.Rev. 205 (1980); and Comment, *Wyoming's Administrative Regulation Review Act*, XIV Land & Water L.Rev. 189 (1979).

ties of the decision thereon \* \* \*." (Emphasis added.) Rule 12.04, W.R.A.P. See *Big Horn County Commissioners v. Hinckley*, Wyo., 593 P.2d 573 (1979).

The majority opinion in this case is correct in assessing the status of the law as less than unanimous. Three basic rules exist, with a number of deviations for specific circumstances.

The rule adopted in the majority opinion is the statutory requirement standard, as particularly reflected in a Hawaiian case, *Yamada v. Natural Disaster Claims Commission*, 54 Hawaii 621, 513 P.2d 1001 (1973). But see *Kahalekai v. Doi*, 60 Hawaii 324, 590 P.2d 543 (1979), where apparently the discretionary rehearing process existed. Most but not all California cases are in accord. Cf. *Koehn v. State Board of Equalization, Department of Alcoholic Beverage Control*, 166 Cal.App.2d 109, 333 P.2d 125, 128 (1958), and *Heaps v. City of Los Angeles*, 6 Cal.2d 405, 57 P.2d 1323 (1936), with *In re Fain*, 135 Cal.Rptr. 543, 65 Cal.App.3d 376 (1976). A differential may be determined by which an agency is subject to the California Administrative Procedure Act, id. at 537, *Chas. L. Harney, Inc. v. State*, 217 Cal.App.2d 77, 31 Cal. Rptr. 524 (1963). In general accord with this rule, at least in earlier times, see *Arizona Magma Copper Co. v. Arizona State Tax Commission*, 67 Ariz. 77, 191 P.2d 169 (1948). See also *Pearce Hospital Foundation v. Illinois Public Aid Commission*, 15 Ill.2d 301, 154 N.E.2d 691 (1958); *Slosburg v. City of Omaha*, 183 Neb. 839, 165 N.W.2d 90 (1969). But see *American Smelting & Refining Co. v. Arizona Air Pollution Control Hearing Board*, 113 Ariz. 243, 550 P.2d 621, 622 (1976):

"A board, commission or tribunal can use its appropriate modification power to reconsider decisions until the time when an appeal is perfected."

The second rule, designated as the inherent-authority rule, is derived from a theory of jurisprudence that the nature of the task appointed to the administrative agency and its responsibility in performance affords an inherent authority for a rehearing opportunity to reconsider a previous result. Most federal cases fall into this category, and the rule is likewise found in a substantial number of states. *Lane v. United States ex rel. Mickadiet*, 241 U.S. 201, 36 S.Ct. 599, 60 L.Ed. 956 (1916); *Trujillo v. General Electric Co.*, 621 F.2d 1084 (10th Cir. 1980); *Lyons v. Delaware Liquor Commission*, 44 Del. 304, 58 A.2d 889 (1948); *Air-Way Branches v. Board of Review, Division of Employment Security*, 10 N.J. 609, 92 A.2d 771 (1952); *Henry v. Department of Labor*, Del.Super., 293 A.2d 578 (1972); *United States v. Sioux Tribe*, 616 F.2d 845, 222 Ct.Cl. 421, cert. denied in *Yankton Sioux Tribe v. United States*, 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980); *State ex rel. Republic Steel Corp. v. Environmental Board of Review*, 54 Ohio St.2d 75, 374 N.E.2d 1355 (1978); 73A CJS Public Administration Procedure § 161, p. 151.

Some detail of the various mutations can be elicited from Annot., 73 A.L.R.2d 932, 933, with supplements, and 73A C.J.S., Public Administration Procedure § 161, supra.

A close look at a significant number of cases in individual states causes questions of consistency, as, for example, California and Arizona, and the differences may be derived from statutory factors not clearly disclosed by the opinions.

The third rule, which applies logic and will best accommodate Wyoming law and legislative procedure, is to acknowledge that the general power provisions of the normal agency statute, including the ability and obligation to adopt rules of procedure, afford the right through those provisions and the Wyoming Administrative Procedure Act to adopt the additional rules as part of the hearing process which provide agency procedural flexibility by rehearing. Some states have an express provision in their administrative procedures act, as, for example, Pennsylvania. See *Commonwealth, Department of Environmental Resources v. Wolford*, 16 Pa.Commw. 254, 329 A.2d 304 (1974).

Without requiring specific additional statutory provision, this recommended approach of statutory adoption permits an agency through its rule-making process to provide any rehearing arrangements as are deemed necessary or useful within appeal-right time constraints. Conversely, this approach affords the legislature an opportunity to deny rights of rehearing for the individual agency by specific language in the general powers provisions for that particular agency. The agency has more time and more expertise to deal with the governmental mission than can be afforded by the legislature as otherwise would be required for individual agency statutory approval for each rule adoption. Koch, supra at pp. 127–128. It should not necessarily be assumed that a particular agency will want a rehearing process, since it might afford an automatic additional pleading stage and decisional requirement which the agency would prefer to avoid. Other agencies, such as the Public Service Commission, which incidentally does have the statutory authority, might find that the complexity of the issues to be decided justifies and accommodates a second-look opportunity of the nature that would be afforded by a rehearing rule as a matter of discretion of the agency, and for exercise of the discretion of the agency in the utilization of the adopted rule, if any. *United States v. Pierce Auto Freight Lines,* 327 U.S. 515, 535, 66 S.Ct. 687, 697–98, 90 L.Ed. 821 (1946); *Duvin v. State Department of Treasury, Public Emp. Retirement System,* 76 N.J. 203, 386 A.2d 842 (1978); Davis, Administrative Law Treatise § 18.09, pp. 605, 610.

Additionally, it should be recognized that the statutory requirement standard is logically not necessarily constrained to "state" agencies and could rationally envelop all public instrumentalities created by legislative authorization, as might include hospital boards, weed and pest control districts, the community development authority, and even city councils. There are many governmental agencies in Wyoming which function by virtue of statutory provisions, permitting adoption of rules and regulations for operational procedure.

In the absence of the repeal of the Wyoming Administrative Procedure Act, which repeal is highly unlikely, this court is mandated to require agency rule adoption in accord with its terms as a predicate for power or procedure exercise.[2] *Monahan v. Board of Trustees of Elementary School District No. 9, Fremont County,* Wyo., 486 P.2d 235 (1971); *Yeik v. Department of Revenue and Taxation,* Wyo., 595 P.2d 965 (1979).

The process which I recommend is consistent by discussion of either a statute or a rule, with an Illinois decision, *Klaren v. Board of Fire and Police Commissions of Village of Westmont,* 99 Ill.App.2d 356, 240 N.E.2d 535 (1968), and *Olson v. Borough of Homestead,* 66 Pa.Commw. 120, 443 A.2d 875 (1982). A case specifically in point is *Atlantic Greyhound Corporation v. Public Service Commission of West Virginia,* 132 W.Va. 650, 54 S.E.2d 169 (1949). See *State ex rel. Klotter v. Police Board of City of New Orleans,* 51 La.Ann. 747, 25 So. 637 (1899); *Helvering v. Continental Oil Co.,* 63 App.D.C. 5, 68 F.2d 750 (D.C.Cir.), *cert. denied* 292 U.S. 627, 54 S.Ct. 629, 78 L.Ed. 1481 (1933); Annot., 73 A.L.R.2d 939, 955.

*Atlantic Greyhound* affords a thoughtful discussion of the view which I recommend that this court should rationally adopt.

Based upon the statutory premise that "the commission may prescribe rules of practice and procedure, and the method and manner of holding hearings," the West Virginia agency adopted a rule which "authorizes rehearing as a proceeding upon petition, duly verified, filed within ten days after final decision in the case." The court, in reference to the adopted rule, said:

---

**2.** This court was advised at oral argument that the Employment Security Commission has, since this case developed, adopted a rule of procedure for rehearing. The majority would void that rule, which I would not choose to do.

"Denial of the authority of the commission to rehear a matter of which it has jurisdiction, in view of its power to prescribe rules of practice and procedure * * * would disrupt the orderly discharge of the duties and the functions which the Legislature, by the enactment of statutes, has required it to perform, produce confusion and uncertainty, and add to the number and the frequency of unnecessary appeals. Unless legally necessary, a conclusion which produces those results should not be adopted. In the absence of any limitation or precept of law which requires disavowal of that right, and it seems that there is none, the power of the commission to rehear a proceeding of which it has and retains jurisdiction will be recognized and its effective operation sustained and upheld." 54 S.E.2d at 175–176.

I also find support in another Wyoming case involving the Employment Security Commission, *Sage Club, Inc., v. Employment Security Commission of Wyoming*, Wyo., 601 P.2d 1306 (1979), as a significant step in looking to the Wyoming Administrative Procedure Act rather than to specific legislation for guidance in agency procedural matters.[3] This court in Sage Club acknowledged that the Unemployment Compensation statute "sets out an elaborate scheme providing for judicial review." *Id.* at 1308. The court then determined that judicial review of final decisions of the Employment Security Commission is governed by the Wyoming Administrative Procedure Act and by court rule,[4] and that inconsistent statutes in the Employment Security Law were superseded. The court wrote that:

" * * * While the statutes which govern the activities of the E.S.C. are extraordinarily detailed in setting out the rules which govern that agency's operations and also set out in detail the procedures for conducting hearings in contested cases, as well as providing a specific procedure for judicial review of final agency determinations, the E.S.C. is not immune from the terms of the W.A.P.A." 601 P.2d at 1308.

Just as this court in Sage Club ruled that the provisions of the Wyoming Administrative Procedure Act superseded the specific Employment Security Law statutes on judicial review, it could have with equal justification ruled that the Wyoming Administrative Procedure Act superseded the Employment Security Law statutes regarding agency operations and contested-case procedures. This court may have in fact done just that in the quoted sentence.

The Wyoming Administrative Procedure Act has been in effect in Wyoming since 1965, Ch. 108, S.L. of Wyoming 1965. Agencies, lawyers, contestants, and regulated parties have become accustomed to its requirements. Quoting again from Sage Club, supra:

" * * * The readily apparent purpose of the W.A.P.A. was to provide uniform procedures to be followed in the adoption of rules and in conducting contested hearings." 601 P.2d at 1308.

Some agencies may have specific statutory authority to reconsider decisions while others do not. An example of an agency with rehearing authority is the Public Service Commission. See § 37-2-214, W.S. 1977. A similar statute for other agencies was not found. These inconsistencies are not based on conscious decisions by the legislature to distinguish agencies which should have authority to reconsider from agencies which should not have that authority. The Wyoming Administrative Procedure Act, as a conscious legislative act, did provide a mechanism for agencies to adopt procedural ground rules which guide agency decisionmaking in a predictable manner.[5] *First National Bank of Ther-*

**3.** The definition of agency in the Wyoming Administrative Procedure Act includes commissions. Section 16-3-101(a)(i), W.S.1977.

**4.** Specifically governed by Rule 12, W.R.A.P., which, at the time the Sage Club dispute arose, was Rule 72.1, W.R.C.P.

**5.** An administrative agency should have the authority to reconsider and correct its own deci-

*mopolis v. Bonham,* Wyo., 559 P.2d 42 (1977). Had the Employment Security Commission previously adopted a rule allowing for reconsideration, Mr. Hupp would not have been taken by surprise in this case when the agency decided to reconsider its decision.

Correction of a patent error at the administrative level will save the judiciary time and may save the parties the expense of an appeal. Both are desirable objectives. They should not be foreclosed by requiring specific statutory authority to reconsider a decision when the Wyoming Administrative Procedure Act's rulemaking statutes serve as a mechanism to create needed procedural rules for an agency to reconsider its own erroneous decisions. The legislature, in any event, retains the right to ultimate decision through the text of the Administrative Procedure Act or by specific provisions in the individual agency statutes. The additional control afforded through the rules review process, § 28–9–101 et seq., W.S.1977 (1984 Replacement), in conjunction with the Administrative Procedure Act, § 16–3–101 et seq., is a very significant legislative restraint. See XIV Land & Water L.Rev., supra, for a discussion of the rather unusual process as retained administrative and legislative control or supervision as providing for participation by the attorney general, § 16–3–102(c); approval by the governor, § 16–3–103(d); and also review by the legislature, § 28–9–101 et seq., and § 16–3–103(a)(i).

I concur in the reversal, but would not deny agency authority to adopt reasonable rules of procedure to afford a discretionary rehearing process.

sions, especially when a decision is determined upon reflection to be obviously erroneous. District courts need not be burdened with correcting errors which become obvious to an agency before the agency loses jurisdiction when the judicial appeals process is invoked. *Anchor Casualty Co. v. Bongards Co-Op Creamery Ass'n,*

253 Minn. 101, 91 N.W.2d 122, 73 A.L.R.2d 933 (1958); *American Smelting & Refining Co. v. Arizona Air Pollution Control Hearing Board,* 113 Ariz. 243, 550 P.2d 621 (1976); *State ex rel. Republic Steel Corp. v. Environmental Board of Review,* 54 Ohio St.2d 75, 8 Ohio.Ops.3d 79, 374 N.E.2d 1355 (1978).