**JACKSON PAINT & GLASS, INC.,** Appellant (Petitioner),

v.

**TOWN OF JACKSON BOARD OF ADJUSTMENT, Appellee** (Respondent).

No. 91–31.

Supreme Court of Wyoming.

May 17, 1991.

William P. Schwartz of Ranck & Schwartz, Jackson, for appellant.

David K. Larson of Mullikin, Larson & Swift, Jackson, for appellee.

Before URBIGKIT, C.J., THOMAS, MACY and GOLDEN, JJ., and RAPER, J. (Retired).

RAPER, Justice, Retired.

This is an appeal from a final order of the district court dismissing the petition for review of agency action filed by appellant.

We will affirm.

Appellant states the issues to be:

A. Did the district court err in concluding that the Board lacked the authority to rehear its decision denying JP & G's requested variance?

1. Does a Wyoming municipality possess the power to pass an ordinance authorizing rehearings before a Board of Adjustment?

B. Did the district court err in concluding that JP & G's petition for review was untimely?

Appellee restates the issue:

Was the action of the district court in dismissing appellant's appeal for lack of jurisdiction due to petitioner's failure to file a timely petition for review pursuant to the requirements of Rule 12.04 Wyoming Rules of Appellate Procedure prop-

er and sustainable in accordance with applicable law?

By letter dated February 1, 1990, appellant, acting pro se, requested a variance from the setback requirements of Jackson Town Ordinances. The request was heard by the Board of Adjustment (Board) on March 7, 1990, and an entry of denial was shown in the minutes of the Board as of that date.

On July 12, 1990, appellant requested in writing a rehearing of the Board's denial of the variance. On July 18, 1990, the Board heard appellant's request for rehearing and denied it, as shown by the Board's minutes as of that same date.

Counsel entered the matter and on August 2, 1990, appealed to the district court to review the agency action. The district court heard and accordingly dismissed appellant's petition for review as untimely in that it failed to seek review of the March 7, 1990 denial of a variance within 30 days thereafter. The decision of the Board may be reviewed by the district court pursuant to W.R.A.P. 12. W.S. 15–1–609.

W.R.A.P. 12.04 provides:

In a contested case, or in a noncontested case where a statute places a time limit on appeal, the petition for review shall be filed within thirty (30) days after written, certified notice to all parties of the final decision of the agency or denial of the petition for a rehearing, or, if a rehearing is held, within thirty (30) days after written, certified notice to all parties of the decision thereon, except that upon a showing of excusable neglect based upon the failure of a party to learn of the decision or action, the district court may extend the time for filing the petition for review not exceeding thirty (30) days from the expiration of the original time herein prescribed. Concurrently with the filing of the petition, the appellant shall order and arrange for the payment of a transcript of the evidence necessary for the appeal, and written evidence of the compliance with this requirement shall be served upon the agen-

cy and all parties as provided in Rule 5, W.R.C.P.

Rehearing was denied, though the city ordinances of Jackson provided for a rehearing if the terms of such ordinance were followed. The district court used the lead opinion in *Hupp v. Employment Security Commission of Wyoming,* 715 P.2d 223 (Wyo.1986). However, examination of the concurring opinions indicates that the Supreme Court's majority opinion is really found in the opinion of Justice Urbigkit, concurring only in the result of what at first blush appears to be the majority opinion but really is not. The concurring majority disagrees that there must be express statutory authority granting the agency the right to allow a rehearing as stated in what purports to be the majority opinion.

Since, under the provisions of the state zoning statutes W.R.A.P. 12 is applicable, we agree with the district judge that a petition for review of the agency action should have been taken within 30 days after the March 7, 1990 ruling denying the variance.

█ We disagree with any ruling that the Zoning Board of Adjustment did not have authority to provide for rehearing. We follow the true majority in *Hupp,* 715 P.2d at 229 where it said:

> [T]he general power provisions of the normal agency statute, including the ability and obligation to adopt rules of procedure, afford the right through those pro-visions and the Wyoming Administrative Procedure Act to adopt the additional rules as part of the hearing process which provide agency procedural flexibility by rehearing.

An application for rehearing to the agency, however, must be taken in time to allow for a petition for review within 30 days after final action by the agency denying the variance. Failure to grant a rehearing does not toll the 30 day limit.

No more need be said.

Affirmed.

THOMAS, Justice, concurring.

I concur in the disposition of this case according to the majority opinion. I think it is important to note that, even though we recognize the authority of the zoning board of adjustment to grant a rehearing, the original decision becomes final unless that rehearing is sought before the last day to seek review of the original decision. In this instance, the last day to seek review had long passed before the rehearing was sought. For that reason also, the appellant's opportunity for review was lost.