[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant Brent Sterling appeals a judgment of the Muskingum County Court in favor of appellee Dawn Sterling:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I.
 THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY RENDERING JUDGMENT FOR THE DEFENDANT ON PLAINTIFF'S COMPLAINT AGAINST THE WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR II.
 THE TRIAL COURT COMMITTED PLAIN, FUNDAMENTAL ERROR APPARENT OF RECORD BY RENDERING JUDGMENT FOR THE DEFENDANT ON PLAINTIFF'S COMPLAINT BASED ON THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED TO SUPPORT CLAIM FOR DAMAGES.
On September 20, 2000, appellant filed the instant small-claims action against his former wife, appellee. In his complaint, he claimed that appellee wrecked a van belonging to appellant, and left the scene without making a police report. He further claimed that appellee refused to pay for the damage to the van or loss of income resulting therefrom. Appellant requested damages in the amount of $1000. The case proceeded to bench trial in the Muskingum County Court. Although no record was made of the trial, the judge who heard the case prepared a statement of the evidence pursuant to App.R. 9(C). The divorce decree between the parties provided that all vehicles presently in the possession of each party shall remain the property of that person, and the obligations for such vehicles shall be the responsibility of the party in possession. The 1998 Dodge Caravan which was the subject of the claim was titled in appellant's name; however, appellee carried collision coverage on the vehicle with State Farm. The insurance had a $250 deductible. At trial, appellee admitted that she had damaged the van on October 12, 1999, and the claim was reported to the insurance company. The insurance company attempted to inspect the van, which was in appellant's possession, but was unable to do so. The documentary evidence submitted in the case demonstrates that appellant received three estimates: one in the amount of $592.57, another in the amount of $702.47, and a third in the amount of $736.66. The documents also included a letter to the judge, stating that they needed to inspect the vehicle before paying the claim, but would be willing to pay the lowest estimate of the three obtained by appellant. The evidence further included a letter to appellee, stating that payment could be made for damage to the vehicle, however they had not an opportunity to inspect the vehicle and write an estimate for repair. The letter advised appellee that if she would like to present a claim, she needed to schedule an inspection appointment. The court dismissed the claim against appellee. In its statement of the evidence, the court stated that it told appellant to schedule an inspection appointment so that the insurance company could pay the claim. I and II In both assignments of error, appellant claims that the judgment is against the manifest weight of the evidence. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Company v. Foley Construction Company (1978),54 Ohio St.2d 79. Based on the record before the court in this case, we cannot find that the judgment is against the manifest weight of the evidence. The documentary evidence submitted in the case reflects that the insurance company was willing to pay in accordance with the lowest of the three estimates; however, the insurance company needed to inspect the vehicle before it could do so, and was unable to perform the inspection. The van was in the possession of appellant. Further, the divorce decree stated that the vehicles in each party's possession shall remain the property of that person, and the obligations for each vehicle shall be the responsibility of the party possessing the vehicle. The vehicle in question was in possession of appellant and was titled in his name. The damage was caused by appellee prior to the divorce decree. There is nothing in the record to demonstrate that appellant presented this claim for damages to the Domestic Relations court before he was made responsible for the obligations associated with possession of the van. The assignments of error are overruled.
The judgment of the Muskingum County Court is affirmed.
By GWIN, J., EDWARDS, P.J., and BOGGINS, J., concur