OPINION
Defendant Larry Godfrey appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which adjudicated him a sexual predator pursuant to R.C. 2950. This court affirmed the judgment in State v. Godfrey (August 28, 1998), Licking App. No. 97CA0155, unreported. Appellant then filed this appeal pursuant to App. R. 26 and State v. Murnahan (1992), 63 Ohio St.3d 60, asserting ineffective assistance of appellate counsel. Appellant assigns three errors which he maintains should have been assigned in his appeal of right:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR I.
 DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT HIS SEXUAL PREDATOR HEARING THUS VIOLATING HIS RIGHT TO COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
ASSIGNMENT OF ERROR II.
 THE TRIAL COURT'S ADJUDICATION OF DEFENDANT AS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR III.
 OHIO'S SEXUAL PREDATOR LAW VIOLATES SECTION 1, ARTICLE I OF THE OHIO CONSTITUTION.
The record indicates on February 7, 1997, appellant was indicted for one count of rape in violation of R.C. 2907.02, six counts of felonious sexual penetration in violation of R.C.2907.12, and seven counts of gross sexual imposition in violation of R.C. 2907.05. On February 21, 1997, appellant was indicted on three additional counts of gross sexual imposition. Appellant originally pled not guilty to all counts, but eventually appellant entered Alford pleas of guilty to amended charges of eight counts of gross sexual imposition and two counts of attempted felonious sexual penetration. The trial court sentenced appellant to various terms of incarceration, and ordered him to pay restitution and damages. After imposing sentence, the trial court conducted a hearing pursuant R.C. 2950.09 (A). The trial court concluded appellant is a sexual predator. In his original appeal, appellate counsel, who was also trial counsel, assigned two errors. Assignment of error number one argued the court should have continued the hearing to permit appellant to be evaluated by a forensic psychiatrist. The second assignment of error challenged the court's finding as not supported by the manifest weight of the evidence. This court affirmed the trial court, and found appellant had failed to provide us with the portions of the record necessary to resolve the assignments of errors. Citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, we presumed the regularity of proceedings in the trial court, and affirmed its judgment. In his application for re-opening, filed November 25, 1998, appellant asserts appellate counsel was ineffective for failing to provide this court with an adequate record of the proceedings. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court articulated a two-prong test for ineffective assistance of counsel, requiring an appellant to show both that counsel's representation falls below an objective standard of essential duty to his client, and also that the substandard performance actually prejudiced the appellant's ability to receive a fair and reliable trial. Ohio utilizes the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136. We apply the Strickland test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel.
 I
In his first assignment of error, appellant urges his trial counsel was ineffective at the sexual predator hearing. In his original appeal, appellant argued the court overruled his oral motion to continue the hearing, but this court could find no motion for continuance in the record presented to us at that time. Now appellant argues counsel was ineffective in either failing to request a continuance, or failing to have it properly placed in the record. Had trial counsel secured a continuance, appellant urges he could have called his psychologist, Dr. Herbert Hausman, to testify. Dr. Hausman furnished a psychological report to the court. Appellant also urges counsel was not prepared for this hearing. Finally, appellant argues his trial counsel stipulated to the pre-sentence investigation report prepared by the probation officer, without having read the report or asking the court for time to review it. In response the State argues appellant has only pointed to one fact in support of his allegation counsel was not prepared for the hearing, that fact being the failed attempt to call Dr. Hausman. Appellant has failed to suggest what advantage it would have given him to present the live testimony of Dr. Hausman. We have reviewed Dr. Hausman's report, and it is favorable to appellant. Had trial counsel called Dr. Hausman in person, the doctor would have been subjected to cross-examination. Trial counsel may well have felt the written report would be more persuasive. At the hearing, counsel represented he had not seen the pre-sentence investigation report, but did not wish to call the parole officer to testify. Counsel also indicated that he had discussed the matter with appellant before concluding it was appropriate to submit the matter to the court with the pre-sentence investigation and the report of the psychologist as evidence. We have reviewed the record, and we find it does not support appellant's allegations that counsel was unprepared at the sexual predator hearing. It could well be sound trial tactics to submit the two reports in written form, and not by means of live witnesses. Trial counsel fully participated in the hearing and presented evidence on appellant's behalf. See II, supra. Finally, in light of our determination in II, infra, we find appellant cannot demonstrate he was prejudiced by trial counsel's performance. The first assignment of error is overruled.
 II
In his second assignment of error, appellant urges the trial court's decision was against the manifest weight of the evidence. Although appellant's original appellate counsel raised this issue in the first appeal, this court found the record was insufficient. For this reason, we will address this assignment of error on the record as it is before us now. Appellant entered Alford pleas to ten counts of sexually abusing children. As the State points out, the indictments indicated some of the offenses began as far back as 1982 while others occurred as recently as 1991. The State alleged appellant exploited the special relationships of family and church membership in order to victimize these children. In the pre-sentence investigation report, the parole officer reviewed the statements of certain of the alleged victims and their families. Appellant presented the psychologist's report, and the testimony of several persons who were acquainted with appellant and did not consider him a threat to him personally or to the community in general. Appellant also presented the testimony of his wife, who asserted appellant was not guilty of the offenses and was not a threat to any person. Pursuant to R.C. 2950.09, the State has the burden to prove by clear and convincing evidence that the accused is a sexual predator. The statute sets forth a non-exclusive list of factors. Those factors include:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court found R.C. 2950 is remedial in nature, and not punitive. As such, we review the assignment of error under the civil standard of review as enunciated in C.E. Morris Company v. Foley Construction (1978), 54 Ohio St.2d 79. Our review of the record leads us to conclude the trial court did not err in finding appellant should be classified a sexual predator. Accordingly, the second assignment of error is overruled. III Appellant cites us to State v. Williams (January 29, 1999), Lake Appellate No. 97-L-191, unreported. In this case, the 11th District Court of Appeals held the community notification provisions contained in R.C. 2950.11 are unreasonable and constitute an invalid exercise of police power. The Lake County Court of Appeals found the statute is unreasonable because it interferes with the offender's privacy rights. In State v. Smith (June 30, 1999), Perry App. No. CA-98-2, unreported, this court held the provisions of R.C.2950.11 do not violate the constitutional right to privacy. The third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Hoffman, J., concur