OPINION
{¶ 1} Tammy Huston, the natural mother of Amanda Huston appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights and granted permanent custody to the Stark County Department of Job and Family Services. Appellant assigns a single error to the trial court:
 {¶ 2} "The trial court erred in finding that it is in the minor child's best interest that she be placed in the permanent custody of scdjfs as scdjfs failed to meet its burden of proof requiring clear and convincing evidence and the decision was against the manfiest weight of the evidence."
 {¶ 3} Pursuant to R.C. 2151.353, when a child is adjudicated an abused, neglected, or dependent child, a trial court may commit the child to the permanent custody of a children's services agency if the court determines the child cannot be placed with one of her parents within a reasonable time or should not be placed with either parent, and also determines permanent commitment is in the best interest of the child. If the child cannot be placed with either of her parents within a reasonable time, or should not be placed with either, if no suitable member of the child's extended family or suitable non-relative is available to accept legal custody of the child, and if the agency has a reasonable expectation of placing the child for adoption, the court should commit the child to the permanent custody of the agency, R.C. 2151.412.
 {¶ 4} At the hearing held pursuant to R.C.R.C. 2151.414 the court may grant permanent custody of the child to an agency if the court determines by clear and convincing evidence it is in the best interest of the child to grant permanent custody, and: if the child is not abandoned and the child cannot be placed with either parents within a reasonable time or should not be placed with the parents; the child is abandoned, which means a parent has failed to visit or maintain contact with the child for more than ninety days [R.C. 2151.011]; or the child has been in the temporary custody of the agency for twelve or more months in a consecutive twenty-two month period ending after March 18, 1999.
 {¶ 5} R.C. 2151.414 (D) sets forth the factors a trial court should look to in determining the best interest of the child. The factors are:
 {¶ 6} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 7} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 8} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 9} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 10} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 11} R.C. 2151.414 (E) sets forth various factors the court must use in determining by clear and convincing evidence the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Those factors include, inter allia, that despite reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that caused the child to be removed from the home, the parent has failed continuously and repeatedly to substantially remedy the conditions. The court should consider whether the parent used medical, psychiatric, psychological, and other social and rehabilitative services and resources made available to the parent for the purpose of changing the parental conduct. Another factor is whether chronic mental illness, emotional illness, or mental retardation, physical disability, or chemical dependency is so severe it makes the parent unable to provide an adequate permanent home for the child at the present time and within one year after the court holds the hearing on the request for permanent custody.
 {¶ 12} Appellant states the standard of review applicable to this case is the juvenile court's decision will not be disturbed if it is supported by evidence which goes to all the elements of the case, C.E.Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 79.
 {¶ 13} Appellant argues the trial court's award of permanent custody was not warranted under the facts and circumstances of this case, and the agency did not meet its burden of proof as to the elements required.
 {¶ 14} The trial court made extensive findings of fact regarding the issue of whether the child can be placed with either parent within the foreseeable future or should be placed with either parent. The court found the child was born on September 25, 2000, and on April 12, 2002, the Department of Job and Family Services filed the complaint alleging dependency and neglect. The child was placed with the agency by the Canton Police Department after she was not picked up from day care. No one could be reached at any of the emergency numbers on file at the day care center. The alleged fathers were excluded as the child's father by genetic testing.
 {¶ 15} The trial court ordered appellant to undergo treatment at Human Development and Counseling due to on-going concerns regarding her parental skills and housing stability. Appellant had lived with a man periodically throughout the pendency of the case, but testified she moved from his residence after he physically abused her. The Department of Job and Family Services also had concerns of sexual abuse. The trial court found the child has been in the temporary custody of the Department of Job and Family Services for longer than twelve months out of a consecutive twenty-two month period.
 {¶ 16} The trial court also made findings of fact with regard to the best interest of the child. The court found at the time of the hearing she was two years old and in good physical health. The child exhibited no behavioral problems but was developmentally delayed. The child has motor delays and speech difficulties but is improving in the foster home. The child has been in the same foster placement since she was in the custody of the Department of Job and Family Services. The court found the child had bonded with her foster caregivers and they are interested in providing her with long-term placement.
 {¶ 17} The trial court found although the child had bonded with appellant, interaction between the two is limited. Dr. Gerald Bello of Human Development and Counseling performed court-ordered psychological evaluations, and expressed significant concerns about appellant's ability to provide a safe and nurturing environment for the child. Dr. Bello also cited appellant's multiple health problems, low level of intelligence, and potential for personality disturbance as factors which prevented her from providing adequate parental care for the child. Dr. Bello concluded these factors were unlikely to be remedied in a way that would make the child's reunification with her mother safe for the child.
 {¶ 18} The trial court found pursuant to Dr. Bello's evaluations appellant cannot meet the needs of her child, nor can she provide a safe environment for Amanda.
 {¶ 19} The court found appellant had lost two prior children in permanent custody cases in another county. The court found appellant has a history of interacting with men who have lost their own children to permanent custody, and/or have criminal histories. Appellant had moved four times within the last year and one-half, and relies on her cousin and the cousin's husband for transportation. Appellant had testified she could only live with her cousin until December of 2003.
 {¶ 20} Appellant completed the parenting classes at Goodwill on her fourth attempt, and received a certificate of attendance. A relative in Jefferson County, Ohio, currently has custody of the child's siblings, but cannot assume custody of this child.
 {¶ 21} The trial court found the child to be adoptable, and any harm caused to her by severing the bond with her mother is outweighed by the advantages of permanency in her upbringing in life. The trial court found the child deserves to be in a stable, loving environment where she can thrive and have her needs met on a daily basis. The trial court found it was evident appellant will not be able to remedy the initial problems in this case at any time within the foreseeable future.
 {¶ 22} Appellant argues there was no evidence presented appellant's behavior in any way adversely impacted the child, and in fact, appellant had bonded with the child and interacted with her. Appellant also points out she substantially complied with her case plan, in completing the curriculum at Goodwill Parenting and submitting to the psychological evaluations.
 {¶ 23} We have reviewed the record, and we find the trial court's findings are supported by clear and convincing evidence going to each element.
 {¶ 24} We find the trial court did not err in terminating appellant's parental rights, and in granting permanent custody of Amanda to the Department of Job and Family Services. Accordingly, the assignment of error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur.